UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SPA 77 G L.P.,

                Plaintiff,                      CV-09-1665 (SJF)(WDW)

-against-

                                             **OPINION & ORDER**

MOTIVA ENTERPRISES LLC,

                Defendant.

------------------------------------------------------------X

MOTIVA ENTERPRISES LLC

                Third-Party Plaintiff,

-against-

SERGIO ENTERPRISES INC. and
SERGIO CELIKOYAR,

                Third-Party Defendants.

------------------------------------------------------------X

FEUERSTEIN, J.

On April 23, 2009, plaintiff Spa 77 G L.P. ("Spa 77") commenced this action against defendant Motiva Enterprises LLC ("Motiva") pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), seeking to recover money allegedly due and owing from defendant to plaintiff for, *inter alia*, unpaid rent and real estate taxes and certain repairs to the subject premises, as well as costs and attorney's fees. On January 12, 2010, Motiva commenced a third-party action against third-party defendants Sergio Enterprises Inc. and Sergio Celikoyar (collectively, "Sergio") seeking defense and indemnification, contribution and damages for unjust enrichment. By opinion and order entered February 24, 2011, the branches of Spa 77's

1

motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment on its first and third causes of action were granted to the extent that Spa 77 was awarded two hundred twenty thousand dollars ($220,000.00), plus attorney's fees and legal expenses in an amount to be determined upon final resolution of this matter, and Spa 77's motion was otherwise denied. Motiva now moves for reconsideration of the February 24, 2011 order. For the reasons set forth below, Motiva's motion is denied.

I.  Discussion

   A.  Standard[1]

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," U.S. v. Aleynikov, ___ F.Supp.2d ___, 2011 WL 939754, at * 10 (S.D.N.Y. Mar. 16, 2011); Regan v. Conway, ___ F.Supp.2d ___, 2011 WL 830283, at * 7 (E.D.N.Y. Mar. 2, 2011), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 745 F.Supp.2d 379, 382

---

[1] Although Motiva moves for reconsideration pursuant to both Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure, since no judgment has yet been entered in this action, its reliance on Rule 59(e) is misplaced. Accordingly, I deem Motiva's motion to be one for reconsideration pursuant to Local Civil Rule 6.3 only.

(S.D.N.Y. 2010); Aleynikov, 2011 WL 939754, at * 10.

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); see also Anwar, 745 F.Supp.2d at 383; Montblanc-Simplo GmbH v. Colibri Corp., 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, reconsideration should not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. Aug. 13, 2008) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); McBeth v. Gabrielli Truck Sales, Ltd., ___ F.Supp.2d ___, 2011 WL 37975, at * 2 (E.D.N.Y. Jan. 5, 2011) ("A party seeking reconsideration may not advance new facts, issues or arguments not previously presented to the court."); (2) advances new arguments or issues that could have been raised on the original motion, Corines v. American Physicians Ins. Trust, ___ F.Supp.2d ___, 2011 WL 724686, at * 8 (S.D.N.Y. Feb. 25, 2011) ("A motion for reconsideration is not * * * a 'second bite at the apple' for a party dissatisfied with a court's ruling * * * [and] * * * is not appropriate * * * as a vehicle to advance new theories a

3

party failed to articulate in arguing the underlying motion."); McBeth, 2011 WL 37975, at * 2; or (3) "is solely attempting to relitigate an issue that already has been decided," New York v. Parenteau, 382 Fed. Appx. 49, 50 (2d Cir. June 24, 2010); see also Niederland v. Chase, 2011 WL 2023253, at * 2 (2d Cir. May 25, 2011); E.E.O.C. v. Bloomberg, L.P., 751 F.Supp.2d 628, 651 (S.D.N.Y. 2010).

It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Regan, 2011 WL 830283, at * 7; Corines, 2011 WL 724686, at * 8.

B. Analysis

Although Motiva's fully-briefed motion for reconsideration was not filed until April 1, 2011, since Motiva served the motion and filed a cover letter in accordance with my individual rules on or before March 10, 2011, its motion is timely under Local Rule 6.3.

Motiva contends that the February 24, 2011 order: (1) overlooks the record evidence, specifically statements in the affidavit of Robert E. Rule ("the Rule affidavit"), the senior project manager for Shell Oil Products U.S., regarding (a) the nature of the environmental conditions existing at the site, (b) the purported flaws in the EnviroTrac site investigation report, and (c) the extent of Motiva's investigation and remediation of the site; and (2) makes conclusions of fact unsupported by the record, specifically (a) that Motiva is liable for rental payments for October 2006 through December 2006, (b) that Spa 77 was unable to use the premises between October 2006 and July 2008 and (c) that the parties' Lease required Motiva to conduct remedial activities at the premises regardless of the cause of the environmental conditions existing at the site.

Contrary to Motiva's contention, the Rule affidavit and its accompanying exhibits were

properly considered on the motion for summary judgment. (See 2/24/11 Order, pp. 4, 6-8, 18). What was not considered as evidence on Spa 77's motion for summary judgment was the statements of Mr. Rule, an employee of Motiva and not an independent expert witness, interpreting the documentary evidence, or his opinions regarding the extent of the contamination existing on the site. Since Motiva has not demonstrated that I overlooked any matter that would alter my conclusion in the February 24, 2011 order, and all of Motiva's remaining contentions on reconsideration were previously raised, considered and ultimately rejected on the motion for summary judgment, its motion for reconsideration is denied.

III. Conclusion

For the reasons stated herein, Motiva's motion for reconsideration is denied.

SO ORDERED.

/SANDRA J. FEUERSTEIN
United States District Judge

Dated: June 1, 2011
Central Islip, N.Y.

5